IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-114-FL

| | |
|---|---|
| RADOSLAW ZEGLINSKI, individually )<br>and as attorney in fact; HEIRS OF )<br>KATARZYNA ZIENKIEWICZ; )<br>MIECZYSLAW ZIENKIEWICZ; )<br>CELINA ZEGLINSKA, and )<br>PRZEMYSLAW ZEGLINSKI, )<br>                                       )<br>           Plaintiffs, )<br>                                       )<br>     v. )<br>                                       )<br>DONNA POSEY PAZIUK, also known as )<br>Donna Posey, and ANTHONY A. SAFFO, )<br>Individually and as Attorney for Decedent )<br>George Paziuk, and as Executor of Paziuk )<br>Estate, and Trustee of the George Paziuk )<br>Revocable Trust, and as Trustee of the )<br>Void or Voidable George Paziuk Marital )<br>Trust, )<br>                                       )<br>           Defendants. ) | ORDER |

This matter is before the court on defendant Saffo's motion for reconsideration. (DE 73). No opposition was filed by plaintiffs, and the time to do so has expired. In this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiffs, citizens and residents of Poland,[1] are beneficiaries of the estate of George Pazuik ("Paziuk"), a relative who died April 20, 2015, in Wilmington, North Carolina. Proceeding pro se,

---

[1] On November 13, 2018, plaintiff Radoslaw Zeglinksi filed notice with the court, informing the court that plaintiff Zatarzyna Zienkiewicz had died on October 15, 2018.

they brought a variety of claims in complaint filed December 3, 2018, against multiple parties, including Pazuik's widow, Donna Posey Paziuk ("Posey"), and Paziuk's attorney, executor, and trustee of the Paziuk estate and trusts, Anthony A. Saffo ("Saffo"), of the Saffo Law Firm, P.C.

All defendants moved to dismiss plaintiffs' complaint, with defendant Saffo arguing in part that plaintiffs failed to state a claim, and that, if a claim is stated, it is for reformation of a revocable trust. The court on its own initiative identified a claim of breach of fiduciary duty, and without briefing on this claim, allowed this claim to proceed as to defendant Saffo by order issued May 24, 2019, also holding that plaintiffs had stated a claim against defendant Posey for undue influence, but dismissing all other claims and parties. More specifically as to defendant Saffo, the court held plaintiffs alleged a claim for breach of fiduciary duty against this defendant where plaintiffs have alleged in part that defendant Saffo was the trustee of the revocable trust to which plaintiffs were beneficiaries and defendant Saffo breached his fiduciary duty to plaintiffs by 1) allowing Pazuik to amend the George Paziuk Revocable Trust ("revocable trust") when Paziuk had been adjudicated incompetent and 2) by failing to communicate with plaintiffs regarding the state of the trust.

On June 21, 2019, defendant Saffo filed instant motion for reconsideration. As stated above, although this issue was not raised in original briefing, defendant Saffo now argues that the court should reconsider its May 24, 2019 order because, under North Carolina law, defendant Saffo, as trustee of the revocable trust, owed plaintiffs no fiduciary duties until Paziuk's death.

**STATEMENT OF THE FACTS**

The court incorporates by reference the statement of the facts providing in the court's May 24, 2019 order and includes the following facts as relevant to the resolution of the instant motion.

Pazuik, a resident of New Hanover County, North Carolina, created the revocable trust at

issue March 26, 1998. Twenty years after its inception, the revocable trust was amended and restated in its entirety on September 12, 2008 ("September 12, 2008 Restatement"). The September 12, 2008 Restatement states in part as follows:

> The Granter does hereby reserve the right to amend, modify, or revoke the Trust Agreement in whole or in part, at any time and does hereby make and constitute this as a revocable trust. Any amendment, modification, revocation or termination pursuant to this Article must be in writing, signed by the Granter and acknowledged before a Notary Public or other person authorized to administer oaths, and delivered to the Trustee within the Grantor's lifetime. Upon any revocation of the Trust, the Trustee shall promptly pay or transfer to the Granter, or to his designee, such portion or all of the property then constituting the Trust Estate as he shall demand. Upon the death of the Granter, the Trust Agreement shall become irrevocable and may not thereafter be amended, revoked, or terminated except as elsewhere provided herein .
> . . .

(September 12, 2008 Restatement (DE 16-11) at 2-3).

In 2011, Paziuk had a stroke and was adjudicated incompetent by the General Court of Justice, Superior Court Division, for New Hanover County. On May 7, 2013, Paziuk amended the revocable trust, creating a marital trust ("May 7, 2013 Amendment"). (May 7, 2013 Amendment (DE 16-11) at 38-44; <u>see also</u> <u>id.</u> at 42-44 (signature pages for May 7, 2013 Amendment of granter Paziuk, notary public, and trustee defendant Saffo)).

## DISCUSSION

A.   Standard of Review

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory [orders] at any time

3

prior to final judgment when such is warranted." Am. Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir.2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 Fed.Appx. 829, 832 (4th Cir.2011) (quoting American Canoe, 326 F.3d at 514–15); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir.1991) (stating that interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").

B.     Analysis

In order "[f]or a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." Green v. Freeman, 367 N.C. 136, 141 (2013) (citation omitted). "A fiduciary relationship may arise when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." Id. (citation omitted).

The trustee of a revocable testamentary trust is a fiduciary. N.C. Gen. Stat. § 32–2 ("fiduciary" includes a trustee under any trust); see also King v. Bryant, 369 N.C. 451, 464 (2017) ("A number of relationships have been held to be inherently fiduciary, including the relationships between . . . trustee and beneficiary . . . ."). As a fiduciary, the trustee is required by statute to "observe the standard of judgment and care under the circumstances then prevailing, which an ordinarily prudent person of discretion and intelligence, who is a fiduciary of the property of others, would observe as such fiduciary [.]" N.C. Gen. Stat. § 32–71.

Additionally, a trustee has the legal duty to communicate to beneficiaries certain information

4

under certain circumstances concerning the state of the trust:

> The trustee is under a duty to do all of the following: (1) Provide reasonably complete and accurate information as to the nature and amount of the trust property, at reasonable intervals, to any qualified beneficiary who is a distributee or permissible distributee of trust income or principal. (2) In response to a reasonable request of any qualified beneficiary: a. Provide a copy of the trust instrument. b. Provide reasonably complete and accurate information as to the nature and amount of the trust property . . . .

N.C. Gen. Stat.§ 36C-8-813.

However, the North Carolina Uniform Trust Code limits the duty owed by the trustee to the potential beneficiaries of a revocable trust. Section 36C-6-603 states in full as follows:

> (a) <u>While a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor</u>. If a trustee is a settlor, the trustee's actions are presumed to be taken at the direction of the settlor.
>
> (b) If a revocable trust has more than one settlor, the duties of the trustee are owed to all of the settlors.

N.C. Gen. Stat. § 36C-6-603(a) (emphasis added).

When adopting the Uniform Trust Code in North Carolina, the General Assembly specifically deleted the bracketed phrase "[w]hile a trust is revocable [and the settlor has capacity to revoke the trust], rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor," stating that "in modifying subsections (a) and (b) the drafters concluded that <u>the incapacity of the settlor should not negate the settlor's control of the beneficiary's rights</u>." N.C. Gen. Stat. § 36C-6-603, North Carolina Comment (emphasis added). The explanation provided for deletion of this bracketed phrase states, in part, concern as to the imposition of "a different rule for revocable trusts than for wills," noting "[i]n the case of a will, the devisees have no right to know of the dispositions made in their favor until the testator's death, whether or not the testator is incapacitated." <u>Id.</u>

Thus, whether Paziuk was competent or incompetent during his lifetime, the duties of the trustee of the revocable trust were owed exclusively to Paziuk. Defendant Saffo as trustee of the revocable trust owed no duty to plaintiffs during Paziuk's lifetime and while the revocable trust remained revocable. See N.C. Gen. Stat.§ 36C-6-602 ("Unless the terms of a trust expressly provide that the trust is irrevocable, the settlor may revoke or amend the trust without regard to the actual capacity of the settlor."); Livesay v. Carolina First Bank, 192 N.C. App. 234, 241 (2008) ("the beneficiaries of a revocable trust have no vested rights, merely an expectancy").[2]

In sum, defendant Saffo's motion for reconsideration is granted. On reconsideration, the court vacates its May 24, 2019 order to the extent the court held plaintiffs stated a claim for breach of fiduciary duty as to defendant Saffo. Defendant Saffo is dismissed from this case for plaintiffs' failure to state a claim against him. This determination is without prejudice to plaintiffs' opportunity, by appropriate motion, to seek leave of court to amend the complaint.

**CONCLUSION**

For reasons noted, defendant Saffo's motion for reconsideration, (DE 73), is GRANTED. The court VACATES its May 24, 2019 order in that part where the court held plaintiffs stated a claim for breach of fiduciary duty against defendant Saffo, allowing said claim to proceed. Defendant Saffo is DISMISSED WITH PREJUDICE from the instant case due to plaintiffs' failure to state a claim against this defendant as a matter of law. Regarding plaintiffs' claim for undue

---

[2] "Since 2004, at least twenty-five states have rejected beneficiary standing during the settlor's incapacity, including some that had previously allowed beneficiary standing." David J. Feder & Robert H. Sitkoff, Revocable Trusts and Incapacity Planning: More Than Just A Will Substitute, 24 Elder L.J. 1, 37 (2016) (citing N.C. Gen. Stat. § 36C-6-603); see also Frances H. Foster, Privacy and the Elusive Quest for Uniformity in the Law of Trusts, 38 Ariz. St. L.J. 713, 753–54 (2006) ("The first question relates to living settlors' revocable trusts: If the living settlor of a revocable trust becomes incapacitated, do beneficiaries have rights to information about the trust, including access to the trust instrument? . . . . In other [] states, however, the answer is an unequivocal 'no,'" citing N.C. Gen. Stat. § 36C-6-603.).

influence as to the remaining defendant, defendant Posey, the court will enter under separate filing case management order establishing planning and scheduling for this case.

SO ORDERED, this the 15th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge