IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-114-FL

| | | |
|---|---|---|
| RADOSLAW ZEGLINSKI, individually and as attorney in fact; HEIRS OF KATARZYNA ZIENKIEWICZ; MIECZYSLAW ZIENKIEWICZ; CELINA ZEGLINSKA, and PRZEMYSLAW ZEGLINSKI, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | ORDER |
| v. | )<br>) | |
| DONNA POSEY PAZIUK, also known as Donna Posey, | )<br>)<br>) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff Katarzyna Zienkiewicz upon notice of death (DE 82), motion for judgment on the pleadings (DE 85), motion for summary judgment (DE 88), and motion to dismiss for failure to comply with court order and failure to prosecute (DE 92). Plaintiffs failed to respond to the instant motions, and the time for doing so has elapsed. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants defendant's motion to dismiss for failure to comply with a court order and failure to prosecute and motion to dismiss plaintiff Katarzyna Zienkiewicz upon notice of death. The court denies the remaining motions as moot.

# BACKGROUND

Pro se plaintiffs,[1] Polish citizens, are beneficiaries of the estate of George Pazuik ("Paziuk"), a relative who died April 20, 2015, in Wilmington, North Carolina. Plaintiffs initiated this action December 3, 2018, asserting a variety of claims against multiple parties regarding the settlement of Paziuk's estate. Upon motions to dismiss filed by former defendants Matthew Thompson ("Thompson"), Bret Schardt, and Lawrence Craige, and motion for reconsideration filed by former defendant Anthony A. Saffo ("Saffo"), the court dismissed all of plaintiffs' claims except their undue influence claim against defendant, Paziuk's widow.

On June 7, 2019, the court entered initial scheduling order, directing the parties to hold a conference pursuant Federal Rule of Civil Procedure 26(f), and within 14 days thereafter, 1) serve their Rule 26(a)(1) initial disclosures and 2) file a Rule 26(f) report. Following the parties' Rule 26(f) conference, held June 27, 2019, counsel for defendant prepared a Rule 26(f) report and submitted it to plaintiffs for approval on July 3, 2019. In response, plaintiff Radoslaw Zeglinski emailed defendant's counsel on July 8, 2019, stating that plaintiffs hoped to sign and return the Rule 26(f) report next week, disregarding the Rule 26(f) report's court-imposed deadline of July 11, 2019.

Upon plaintiffs' delay and failure to act, defendant filed motion for extension of time to submit the Rule 26(f) report and serve Rule 26(a)(1) initial disclosures, which the court granted. Despite the deadline extension, plaintiffs failed to return an executed copy of the Rule 26(f) report to defendant or serve their Rule 26(a)(1) disclosures. Out of an abundance of caution, and with deference to the court's deadline, defendant filed an unexecuted Rule 26(f) report on July 17, 2019, and served her Rule 26(a)(1) disclosures that same day.

---

[1] On November 13, 2018, plaintiff Radoslaw Zeglinksi filed notice with the court, informing the court that plaintiff Katarzyna Zienkiewicz had died on October 15, 2018.

Still lacking plaintiffs' initial disclosures, defendant served plaintiffs with a first set of interrogatories, requests for production of documents, and requests for admissions on October 3, 2019. Pursuant to the court's case management order, plaintiffs' responses to these discovery requests were due November 2, 2019; however, plaintiffs again failed to respond. Thereafter, defendant filed the following dispositive motions.

First, on November 26, 2019, defendant filed the instant motion to dismiss plaintiff Katarzyna Zienkiewicz upon notice of death, attaching email from plaintiff Radoslaw Zeglinski, indicating plaintiff Kataryza Zienkiewicz died on October 15, 2018. Then, on December 6, 2019, defendant filed the instant motion for judgment on the pleadings, arguing the statute of limitations bars plaintiffs' undue influence claim. On December 18, 2019, defendant filed the instant motion for summary judgment on plaintiffs' undue influence claim. In support, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) defendant's discovery requests, 2) affidavit of defendant, 3) affidavit of former defendant Saffo, and 4) affidavit of former defendant Thompson.

Finally, on December 19, 2019, defendant filed the instant motion to dismiss for failure to comply with the court's discovery order and failure to prosecute, attaching email sent by plaintiff Radoslaw Zeglinski on November 16, 2019, which states:

> I hope you are doing well. Regarding last our message we don't get your response. My family decided to do not continue a case against your clients. If you can help us to close this Federal case that will be good for both sides. If you are able to meet with me we can discuss how we can get a final settlement.

(Ex. 1 (DE 92-1) at 2).[2] Plaintiffs did not respond to any of the instant motions.

---

[2] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

## COURT'S DISCUSSION

A. Analysis

1. Dismissal of Plaintiff Katarzyna Zienkiewicz

Federal Rule of Civil Procedure 25(a)(1) provides, "[i]f a party dies and the claim is not extinguished . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Here, plaintiff Radoslaw Zeglinski filed notice on November 13, 2018, indicating that plaintiff Katarzyna Zienkiewicz died October 15, 2018. Thereafter, no motion for substitution was filed. Accordingly, where 90 days have passed since such notice was filed, defendant's motion to dismiss plaintiff Katazyna Zienkiewicz is granted pursuant to Rule 25(a)(1).

2. Failure to Comply with Court Order

Defendant moves to dismiss plaintiffs' complaint for failure to comply with the court's discovery order and failure to prosecute. Federal Rule of Civil Procedure 41(b) permits the court to dismiss any case in which the plaintiff "fails to prosecute or to comply with [the Federal] rules or a court order." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, [such] a dismissal . . . operates as an adjudication on the merits." Id. According to the United States Supreme Court, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R. Co., 370 U.S. 626, 629 (1962). Indeed, such power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-630.

The United States Court of Appeals for the Fourth Circuit has set forth the following criteria for determining whether an action should be dismissed under Rule 41(b): "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). However, the Fourth Circuit cautioned that the above criteria is "not a rigid four-prong test. Rather, the propriety of a dismissal [under Rule 41(b)] depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

Here, plaintiffs failed to serve their Rule 26(a)(1) initial disclosures, failed to file a Rule 26(f) report, and failed to respond to defendant's discovery requests, in contravention of the court's initial scheduling order and case management order. Accordingly, plaintiffs failed to comply with requirements of two court orders, and consideration of the criteria set forth in Davis supports dismissal under Rule 41(b). For example, under the first prong, degree of personal responsibility, plaintiffs are appearing pro se; therefore, they are personally responsible and cannot attribute their failure to comply to a lawyer's incompetence. C.f. Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974) ("[I]n situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances."). Under the second prong, plaintiff's failure to comply prejudiced defendant. Without plaintiff's initial disclosures under Rule 26(a)(1), and plaintiff's responses to defendant's discovery requests, defendant cannot prepare a trial strategy or resolve the instant dispute. Under the third prong, plaintiffs have proceeded in a dilatory fashion. Plaintiffs took five days to respond to defendant's email regarding the Rule 26(f) report, and when plaintiffs finally responded, they stated they hoped to return the report next week, disregarding the

impending court-imposed deadline. Plaintiffs offered no explanation for their delay and did not seek an extension of time from the court.

Finally, under prong four, dismissal is an appropriate sanction, where plaintiffs have effectively ceased participating in this litigation. Indeed, plaintiffs did not respond to any of the instant motions, and plaintiff Radoslaw Zeglinski indicated in an email to defendant's counsel that "[her] family decided to do not continue a case against your clients." (Ex. 1 (DE 92-1) at 2). Accordingly, the court dismisses plaintiffs' complaint with prejudice.

3.  Remaining Motions

Where the court grants defendant's motion to dismiss for failure to comply with the court's discovery order, the court does not reach arguments advanced in defendant's motion for judgment on the pleadings and motion for summary judgment. Accordingly, the court denies those motions as moot.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss for failure to comply with court order (DE 92) and GRANTS motion to dismiss Katarzyna Zienkiewicz upon notice of death (DE 82). Plaintiffs' compliant is DISMISSED WITH PREJUDICE. Defendant's motion for judgment on the pleadings (DE 85) and motion for summary judgment (DE 88) are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge